IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03001-M-RJ

| | |
|---|---|
| MICHAEL J. MOLLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

On January 5, 2023, Michael J. Moller ("plaintiff"), an inmate at F.C.I. Butner ("Butner")

proceeding without prepayment of fees, filed *pro se* a complaint under Bivens v. Six Unknown

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). See [D.E. 1, 13, 25].

Pursuant to an order of deficiency, plaintiff filed a corrected complaint. See [D.E. 11, 12].

First, plaintiff has peppered the court with copious, often repetitive filings and motions.

The court cautions plaintiff that this litigation strategy delays resolution of this matter, and further

admonishes plaintiff that future repetitive or abusive filings are subject to summary denial.

Next, the court summarily GRANTS IN PART the motions to the extent plaintiff seeks to

amend or otherwise supplement the complaint [D.E. 4, 8, 10, 26]. See Fed. R. Civ. P. 15(a).

Next, although plaintiff seeks appointment of counsel, [D.E. 16, 39], no right to counsel

exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163

(4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296

(1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases

arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that

"hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Because this case is not complex, and because the filings indicate plaintiff possesses the capacity to proceed *pro se*, the court DENIES the motions to appoint counsel [D.E. 16, 39].

Next, the court DENIES AS MOOT the motions seeking expedited review [D.E. 6, 14].

Next, the court considers plaintiff's motion to seal. See Mot. [D.E. 32] (seeking to seal plaintiff's motions for temporary restraining order and a telephonic hearing). Because plaintiff's interest in preserving the confidentiality of the information contained in theses motions outweighs public interest in disclosure, the court GRANTS the motion to seal [D.E. 32].

Next, the court DENIES AS PREMATURE the motions seeking a conference or telephonic hearing [D.E. 15, 31, 36].

Next, although plaintiff seeks copies of prior filings, Mot. [D.E. 27], *pro se* litigants are responsible for maintaining their own legal records, and plaintiff is not entitled to copies at the Government's expense. See United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam) (unpublished table decision). Plaintiff instead may file a record system request through the Clerk's Office or use the Public Access to Court Electronic Records ("PACER") program. See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (last visited Mar. 31, 2023). Thus, the court DENIES the motion seeking copies at the Government's expense [D.E. 27].

Next, pursuant to 28 U.S.C. § 1915A, the court conducts its initial review of the amended complaint and, for the reasons discussed below, directs plaintiff to file an amended complaint.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either

2

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

The Bivens Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

### Discussion:

Plaintiff generally alleges the Federal Bureau of Prisons ("BOP") is violating the Fifth and Eighth Amendment because plaintiff is a Transgender Female presently housed in a men's prison. Plaintiff specifically alleges, while at F.C.I. Schuylkill, plaintiff requested Gender Affirming Surgery ("GAS") and transfer to a women's prison, but withdrew the requests when told, falsely, that these requests would interfere with a planned transfer to a facility that could better treat plaintiff's diabetes. Although plaintiff re-initiated these requests, they are stymied by BOP

3

policies requiring, before any transfer to a women's prison, that plaintiff have a low-level custody classification and take hormones for at least 12 months at a men's prison. Plaintiff asserts that the former requirement discriminatorily prevents inmates with higher custody classifications from obtaining adequate medical care and that a low security level is unobtainable for plaintiff. Plaintiff asserts that the later requirement–taking hormones for a year at a men's prison–does not allow for different needs of individual inmates, many of whom may suffice with a shorter "social transition," and would make plaintiff a target for harassment, physical assault, or sexual assault by male inmates. See generally [D.E. 1, 5, 8, 11, 12, 26]. For relief, plaintiff seeks money damages and immediate transfer to "the appropriate female institution [sic]." [D.E. 12] at 8.

Plaintiff queries whether the above noted BOP policies violate 28 C.F.R. § 115.42, and seeks to rely upon, *inter alia*: Williams v. Kincaid, 45 F.4th 759, 778 (4th Cir. 2022) (reversing and remanding district court's dismissal of a § 1983 plaintiff's claims as to Sheriff's policy that transgender inmates are housed based on their genitalia); Tay v. Dennison, 457 F. Supp. 3d 657 (S.D. Ill. 2020) (entering, after a one-and-a-half-day evidentiary hearing, preliminary injunctive relief for a transgender state inmate, proceeding under 42 U.S.C. § 1983, seeking transfer to a women's prison); JJS v. Pliler, No. 19CV02020VSBSN, 2022 WL 16578124 (S.D.N.Y. Aug. 3, 2022) (recommending that the court grant transgender inmate's 28 U.S.C. § 2241 habeas petition premised on Eighth Amendment conditions-of-confinement), report and recommendation adopted sub nom. Shelby v. Petrucci, No. 19-CV-2020 (VSB), 2022 WL 16575766 (S.D.N.Y. Nov. 1, 2022); Iglesias v. Fed. Bureau of Prisons, No. 19-CV-415-NJR, 2021 WL 6112790 (S.D. Ill. Dec. 27, 2021) (granting transgender federal inmate's motion for a preliminary injunction), modified, 598 F. Supp. 3d 689 (S.D. Ill. 2022). See [D.E. 19, 20, 28-1].

4

The BOP is not a person amenable to suit under Bivens. Iqbal, 556 U.S. at 676 (noting, under Bivens, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (noting a Bivens action "does not lie against either agencies or officials in their official capacity"), aff'd, 540 U.S. 614 (2004); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government."). Moreover, "a *Bivens* action is not 'a proper vehicle for altering an entity's policy,'" Ziglar v. Abbasi, 582 U.S. 120, 140 (2017) (quoting Malesko, 534 U.S. at 74).

Accordingly, the court DIRECTS plaintiff to file one particularized complaint naming the party or parties responsible for the alleged deprivation, the injury stemming from the party or parties' actions or inactions, and the alleged facts to support this claim. Plaintiff should briefly mention specific events and correlating dates which are the basis for this suit and must connect defendants with the purported constitutional violation. Any particularized complaint will be subject to initial review, 28 U.S.C. § 1915(e)(2)(B), and will be considered the complaint in its entirety; the court will not review plaintiff's earlier filings to discern any misplaced claims. The court, however, will review the particularized complaint to determine whether severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

Next, the court turns to plaintiff's motions seeking injunctive relief–namely, immediate transfer to a women's prison. See [D.E. 5, 30]. In the motion for an emergency preliminary injunction, plaintiff reiterates contentions that BOP policy prevents plaintiff from receiving GAS, and that beginning hormone therapy while confined in a men's prison may make plaintiff a target for attack. Mot. [D.E. 5] at 5–6. In the motion for a temporary restraining order ("TRO"), plaintiff alleges an assault and attempted robbery by three inmates on January 29, 2023, and a subsequent

5

confrontation with officers on January 30, 2023, after plaintiff requested protective custody. See Mot. [D.E. 30]; Mot. Attach. [D.E. 30-1].

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standard for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff lacks a constitutional right to any particular custody classification or a prison transfer. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (noting inmate custody classification is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."); Adams, 40 F.3d at 75 ("Prisoners have no right under the Constitution to be held in either protective or minimum custody."); O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991) (noting inmates have no cognizable right to a transfer or non-transfer); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (noting changes to "prisoners' location, variations of daily routine, changes in conditions of confinement (including

6

administrative segregation), and the denial of privileges . . . are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.").

Succinctly stated, plaintiff neither makes a "clear showing" of entitlement to the requested relief, cf. Real Truth, 575 F.3d at 346, nor establishes the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269. Accordingly, the court DENIES the motions seeking preliminary injunctive relief or a TRO [D.E. 5, 30].

Next, although plaintiff moves for an order directing the BOP to preserve camera footage of a confrontation with officers on January 30, 2023, see Mot. [D.E. 34], because claims arising from this incident are not part of the same "transaction or occurrence" as the claims alleged in the instant complaint, see Fed. R. Civ. P. 18(a), 20(a)(2), the court DENIES this motion [D.E. 34].

Next, in the motion for judicial intervention, plaintiff seeks a criminal investigation of the officers involved in the January 30, 2023, confrontation and indicates an interest in adding to this suit claims arising therefrom. See Mot. [D.E. 35]. As noted above, however, these claims do not arise from the same "transaction or occurrence" as the claims in the instant suit, and plaintiff also lacks any cognizable constitutional interest in initiating a criminal investigation. See, e.g., Kunzer v. Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another." (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))).

Finally, to the extent plaintiff seeks a writ of mandamus, see [D.E. 40, 41], mandamus is a drastic remedy that may be invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). Mandamus is available only if the movant "exhausted all other

7

avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)). Succinctly stated, plaintiff fails to show clear entitlement to this extraordinary remedy.

Conclusion:

In sum, the court: GRANTS IN PART the motions to the extent plaintiff seeks to amend or otherwise supplement the complaint [D.E. 4, 8, 10, 26]; DENIES AS MOOT the motions seeking expedited review [D.E. 6, 14]; DENIES the motions to appoint counsel [D.E. 16, 39]; DENIES the motion for copies [D.E. 27]; GRANTS the motion to seal [D.E. 32]; DENIES AS PREMATURE the motions for a conference or telephonic hearing [D.E. 15, 31, 36]; DENIES the motions for preliminary injunctive relief or a TRO [D.E. 5, 30]; DENIES the motion to preserve camera footage [D.E. 34]; DENIES the motion for judicial intervention [D.E. 35]; DENIES any request seeking a writ of mandamus; DIRECTS the clerk to send plaintiff the paperwork for filing a particularized complaint; DIRECTS plaintiff to particularize the complaint, as set forth above, not later than April 25, 2023; and WARNS plaintiff that failure to respond to this order within the time permitted will result in the dismissal of this action without prejudice for failure to prosecute.

SO ORDERED this _3d_ day of April, 2023.

RICHARD E. MYERS II
Chief United States District Judge