IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03001-M-RJ

MICHAEL J. MOLLER,        )
                          )
        Plaintiff,        )
                          )
v.                        )           **ORDER**
                          )
FEDERAL BUREAU OF PRISONS,)
                          )
        Defendant.        )

This cause is before the court on plaintiff's April 17, 2023, motion seeking voluntary dismissal of the action and requesting "anonymity." See Mot. [D.E. 47].

The court construes the instant motion as a notice of voluntary dismissal. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify pro se pleadings from prisoners according to their contents, without regard to their captions").

A party may dismiss an action voluntarily, without a court order, by filing a notice of dismissal any time before the adverse party serves an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). "A voluntary dismissal under [Fed. R. Civ. P. 41(a)(1)(A)(i)] is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quotation omitted). Unless otherwise stated, the dismissal is without prejudice. See id.; Fed. R. Civ. P. 41(a)(1)(B).

Here, because no defendant has filed an answer or moved for summary judgment, plaintiff's instant motion has dismissed the action.

Next, plaintiff's "request for anonymity," "to preserve [plaintiff's] status as a transgender [sic]," asks that plaintiff's "name remain private and [that plaintiff's] initials be used in any published caselaw." The court notes that plaintiff did not file this action pseudonymously or previously seek to obscure identification, cf. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), and that, under plaintiff's own name, plaintiff also is pursuing, and recently has appealed, a parallel habeas petition under 28 U.S.C. § 2241 premised on the same facts that were alleged in this suit, see Order [D.E. 33], Moller v. Kelly, No. 5:23-HC-02009-M-RJ (E.D.N.C. Apr. 4, 2023).

Because plaintiff has not shown that an interest in anonymizing plaintiff's name, or otherwise sealing court filings, outweighs the public's right to access, the court DENIES this aspect of the instant motion. See Courthouse News Serv. v. Schaefer, 2 F.4th 318, 325–29 (4th Cir. 2021); United States v. Doe, 962 F.3d 139, 145–52 (4th Cir. 2020); United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018); Doe v. Pub. Citizen, 749 F.3d 246, 272–73 (4th Cir. 2014).

Accordingly, the court: GRANTS the instant motion to the extent plaintiff seeks voluntary dismissal [D.E. 47]; DENIES the instant motion to the extent plaintiff seeks to anonymize plaintiff's name, seal docket entries, or seal the docket itself [D.E. 47]; DISMISSES WITHOUT PREJUDICE the action; DENIES as moot plaintiff's April 10, 2023, motion [D.E. 43]; and DIRECTS the clerk to close the case.

SO ORDERED this 18th day of April, 2023.

RICHARD E. MYERS II
Chief United States District Judge